IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JACKSON HOSPITAL & CLINIC, INC., | ) |
| Appellant, | ) |
| v. | ) CASE NO. 2:15-cv-00805-JAR |
| JOANN ANDERSON, CARLY B. WILKINS, and BLUE CROSS BLUE SHIELD OF ALABAMA, | ) |
| Appellees. | ) |

### MEMORANDUM OPINION

Appellant Jackson Hospital & Clinic, Inc. ("Jackson Hospital") appeals the order of the U.S. Bankruptcy Court for the Middle District of Alabama ("bankruptcy court") overruling its objection to Appellee Blue Cross Blue Shield of Alabama's ("BCBS") proof of claim. Order Overruling Obj. of Jackson Hospital to Claim Blue Cross/Blue Shield of Ala.1–2, DE 56 ("Order Overruling Obj.").[1] The bankruptcy court held that BCBS has a valid claim because the bankruptcy trustee, then Daniel G. Hamm and now Carly B. Wilkins, is not barred from pursuing a malpractice case against Jackson Hospital based on the doctrine of judicial estoppel. See Tr. of Hr'g 17, Oct. 6, 2015, DE 58. For the reasons stated below, the bankruptcy court's order is affirmed.

### BACKGROUND

In 2010, the debtor in the underlying bankruptcy, Joann Anderson ("Anderson"), received medical services from Jackson Hospital. See Ex parte Jackson Hosp. & Clinic, Inc., 167 So. 3d

---

[1] DE references are to documents on the bankruptcy court's docket in court number 11-32948.

324, 326–27 (Ala. 2014).  Pursuant to an Employee Retirement Income Security Act ("ERISA") insurance plan, BCBS paid $215,650.94 to Jackson Hospital for those services.  See Proof of Claim 1, 67–69, DE 47–3; see also id. at 5–65 (ERISA Plan).  Subsequently, Anderson filed for Chapter 7 bankruptcy on November 8, 2011.  Ch. 7 Voluntary Pet., DE 1.  Anderson did not include a potential cause of action against Jackson Hospital in her bankruptcy schedules, and BCBS was not listed as a creditor.  See id. at 8–26.  The bankruptcy court discharged Anderson's debts on March 1, 2012, Discharge of Debtor 1, DE 17, and closed the bankruptcy proceedings on March 5, 2012, Order Discharging Trustee, Releasing Bond Liability and Closing Case, DE 19.

Later that same year, on October 9, 2012, Anderson sued Jackson Hospital, Dr. Stephen K. Kwan, and Capital Cardio-Thoracic P.C. (collectively, "Malpractice Defendants") in Circuit Court of Montgomery County ("circuit court") asserting medical-malpractice based on the care she received in 2010.  Ex parte Jackson Hosp., 167 So. 3d at 326, 327.  On May 28, 2013, the Malpractice Defendants moved for summary judgment in the circuit court arguing that Anderson was judicially estopped from pursuing the suit because she had not disclosed the potential cause of action in her bankruptcy schedules.  Id. at 327.  That same day, Anderson moved, before the bankruptcy court, to reopen her bankruptcy case to amend her schedules to include her cause of action against the Malpractice Defendants.  Mot. to Reopen Bankr. Case & Expedited Hr'g Pursuant to Fed. R. Bankr. P. 5010 [&] 11 U.S.C. §350(B) 1–2, DE 20.  The bankruptcy trustee also filed a motion before the bankruptcy court to reopen the bankruptcy case and to be reappointed as the trustee.  Trustee's Mot. to Reopen Case and Reappoint Trustee, DE 24.  The

2

bankruptcy court granted the motions and, over Jackson Hospital's objection, reopened the bankruptcy case.  See Order Granting Mots. to Reopen Case, DE 30.

On November 4, 2013, the bankruptcy trustee moved to intervene in the circuit court case.  Ex parte Jackson Hosp., 167 So. 3d at 328.  After a hearing, the circuit court granted in part the Malpractice Defendants' motion for summary judgment and held that although Anderson was barred from bringing the suit by judicial estoppel, the bankruptcy trustee would be permitted to intervene as the real party in interest and could "pursue Joanne [sic] Anderson's claims against the [Malpractice Defendants] for a recovery up to the amount necessary to pay the claims of Anderson's creditors and expenses associated with the related bankruptcy proceedings."  Id. (quoting Order 1, Anderson v. Jackson Hosp. & Clinic, Inc., No. 03-CV-2012-001044.00 (Ala. Cir. Ct. Dec. 9, 2013), Doc. No. 242 ("Summ. J. Order")).  The circuit court also certified two questions indicating that an immediate appeal would materially advance the ultimate termination of the litigation.[2]  Summ. J. Order at 2.  Thereafter, the Alabama Supreme Court affirmed the circuit court by declining to issue a writ of mandamus and permitting the bankruptcy trustee to

---

[2] The certified questions of law were:

1. Whether Plaintiff Joanne [sic] Anderson is barred from prosecuting this action in her individual capacity:  (a) based on the doctrine of judicial estoppel, by virtue of her not disclosing the presently advanced cause of action during her Chapter 7 proceedings, and/or (b) based on her not being the real party in interest; and

2. Whether the Trustee in Bankruptcy's Motion for Leave to Intervene and to File Amended Complaint was timely and properly filed pursuant to Rules 17 and/or 24 of the Alabama Rules of Civil Procedure and the applicable Statute of Limitations.

Summ. J. Order at 2.

3

proceed with the claim against the Malpractice Defendants.³  Ex parte Jackson Hosp., 167 So. 3d at 336.

Meanwhile, on January 6, 2014, in the bankruptcy court, BCBS timely filed a proof of claim valuing the claim at $215,650.94.  See generally Proof of Claim.  On April 9, 2014, Jackson Hospital sent a letter to the bankruptcy trustee demanding that the trustee object to BCBS's proof of claim arguing that BCBS's claim is not part of the bankruptcy estate.  Obj. to & Mot. to Dismiss BCBS's Claim for Subrogation/Reimbursement 4 & Ex. D, DE 47 ("Jackson Hospital's Obj.").   Jackson Hospital also argued that based on the summary judgment order against Anderson, BCBS was barred from collecting.  Id.  On March 18, 2015, after the trustee did not file an objection, Jackson Hospital itself filed an objection with the bankruptcy court to BCBS's proof of claim.  See id. at 1–2.  The bankruptcy court held hearings on May 5, 2015, and October 6, 2015, and reasoned that because the trustee can proceed with the malpractice case, BCBS has a valid claim.  Order Overruling Obj. at 1–2; see Tr. of Hr'g, Oct. 6, 2015, at 16–17.  On October 16, 2015, the bankruptcy court entered an order overruling Jackson Hospital's objection and allowing as filed BCBS's proof of claim, Order Overruling Obj. at 2; this appeal followed.

On appeal, Jackson Hospital argues that BCBS does not have a valid claim because summary judgment has been entered against Anderson in the malpractice action.  Appellant's Br. 16–20, ECF No. 10.  It argues that because the trustee stands in the shoes of the debtor, and the debtor's claim is barred, so too is the trustee's claim.  Id.  Alternatively, Jackson Hospital argues

---

[3] The malpractice case is currently stayed before the circuit court pending the resolution of the issues currently before the court.  Order 1, Hamm v. Jackson Hosp. & Clinic, Inc., No. 03-CV-2012-001044.00 (Ala. Cir. Ct. Apr. 3, 2015), Doc. No. 275.

that the claim is not part of the bankruptcy estate.  Id. at 21–24.  Finally, Jackson Hospital argues that the circuit court, as upheld by the Alabama Supreme Court, limited the recovery in the malpractice action to the amount necessary to repay creditors whose claims were extinguished in the bankruptcy court, which does not include BCBS.  Appellant's Reply Br. 13, ECF No. 12.

BCBS responds that Anderson and the estate have an obligation and liability to repay BCBS upon receipt of funds via the malpractice action based on its insurance contract with Anderson.  Appellee's Br. of BCBS 9–10, ECF No. 11 ("Appellee's Br.").  BCBS argues, inter alia, it is a creditor of the estate based on its right of reimbursement.  Id. at 11–14.  BCBS asserts it has the same rights against the estate that it would have against the debtor, and accordingly, that BCBS can collect from the bankruptcy estate if and when the bankruptcy estate collects based on Anderson's claim.  Id. at 14–16.

## JURISDICTION AND STANDARD OF REVIEW

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(B).  The court has jurisdiction pursuant to 28 U.S.C. § 158(a), acting as an appellate court.  See also 28 U.S.C. § 1334(b).  In so doing, the court reviews the bankruptcy court's legal conclusions de novo, but reviews factual determinations under the clearly erroneous standard.  See First Union Real Estate Equity and Mortg. Invs. v. Club Assocs. (In re Club Assocs.), 956 F.2d 1065, 1069 (11th Cir. 1992); Equitable Life Assurance Soc'y v. Sublett (In re Sublett), 895 F.2d 1381, 1383 (11th Cir. 1990).  Because the bankruptcy court has discretion over whether to allow claims, the court reviews such determinations for abuse of discretion.  See Carnegia v. Ga. Higher Educ. Assistance Corp., 691 F.2d 482, 483 (11th Cir. 1982); Adams v. Evans (In re Adams), 642 F.2d

173, 174 (5th Cir. Unit A Apr. 1981);[4] see also PaeTec Commc'ns, Inc. v. Bull (In re Bull), 528 B.R. 473, 484, 489–95 (M.D. Fla. 2015) (reviewing bankruptcy court's order sustaining objection to proof of claim for abuse of discretion); Nat'l Capital Mgmt., LLC v. Herman, No. 6:11-cv-9-Orl-28, 2011 WL 4531736, at *1, *3–4 (M.D. Fla. Sept. 29, 2011) (same).  The court also reviews the bankruptcy's determination of judicial estoppel for abuse of discretion.  See Dunn v. Advanced Med. Specialties, Inc., 556 F. App'x 785, 788 (11th Cir. 2014); Parker v. Wendy's Int'l, Inc., 365 F.3d 1268, 1271 (11th Cir. 2004).

## DISCUSSION

### I.   Right of Reimbursement

Jackson Hospital argues that because Anderson can no longer recover from the Malpractice Defendants, BCBS has no right to payment from Anderson and thus is not a creditor.[5]  Appellant's Br. at 16–20.  BCBS responds that based on the contractual language of the insurance plan and the fact that the trustee may be able to recover from the Malpractice

---

[4] The Eleventh Circuit has adopted Fifth Circuit decisions prior to October 1, 1981, as binding precedent.  See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[5] Although Jackson Hospital also now argues that the plan attached to BCBS's proof of claim was not in effect at the time of the services provided to Anderson by Jackson Hospital, Jackson Hospital did not raise this issue before the bankruptcy court, see generally Jackson Hospital's Obj., and thus has waived the argument.  See JMC Memphis, LLC v. Kapila (In re JMC Memphis, LLC), No. 15-15370, 2016 WL 3923833, at *2 n.2 (11th Cir. July 21, 2016); Bank of Am., N.A. v. Mukamai (In re Egidi), 571 F.3d 1156, 1163 (11th Cir. 2009) ("This court will not consider this issue because it is not the type of issue that merits deviation from the general requirement that in order to be resolved at the appellate level an issue must first be raised in the Bankruptcy Court."); Am. Bank of Martin Cty. v. Leasing Serv. Corp. (In re Air Conditioning, Inc. of Stuart), 845 F.2d 293, 298 (11th Cir. 1988) (refusing to consider factual argument not raised before the bankruptcy court).  Jackson Hospital also appears to have waived arguments concerning the amount of BCBS's proof of claim by failing to raise the issue before the bankruptcy court.  See In re JMC Memphis, LLC, 2016 WL 3923833, at *2 n.2; In re Egidi, 571 F.3d at 1163; In re Air Conditioning, Inc. of Stuart, 845 F.2d at 298.

Defendants, it is a creditor of the debtor and has a valid claim.  Appellee's Br. at 9–14.  Jackson Hospital's arguments lack merit and BCBS is a creditor.

The bankruptcy code defines a creditor as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor[.]"  11 U.S.C. § 101(10)(A).  A claim, in turn, is defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured[.]"  11 U.S.C. § 101(5)(A).  Thus, to be a creditor with a valid claim, BCBS must have had a right to payment from Anderson prior to the petition.

Under the insurance plan, BCBS clearly has a right to payment if and when Anderson receives payment from the Malpractice Defendants.  See Proof of Claim Ex. B at 27 ("[BCBS has] a separate right to be reimbursed or repaid from any money you, . . . recover for an injury or condition for which we have paid plan benefits. . . . [I]f you recover money as a result of a claim or a lawsuit, whether by settlement or otherwise, you must repay us.").  This right to payment existed at the time Anderson filed for bankruptcy.  BCBS therefore "has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor" and is a creditor of the bankruptcy estate.  See 11 U.S.C. § 101(10)(A).

When Anderson filed her bankruptcy petition, all her assets and liabilities became part of the bankruptcy estate.  See 11 U.S.C. § 541(a)(1) (providing that the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case").  As of the filing of her bankruptcy petition, Anderson's potential malpractice cause of action against Jackson Hospital became an asset of the bankruptcy estate.  Under the bankruptcy code,

7

upon the filing of a bankruptcy petition, the bankruptcy trustee stands in the shoes of the debtor, accedes to all interests of the debtor, becomes the real party in interest to pursue any claims, and takes the debtor's interests subject to the same restrictions as the debtor.  See 11 U.S.C. § 323 (trustee, as "representative of the estate[,]" "has capacity to sue and be sued"); Official Comm. of Unsecured Creditors of PSA, Inc. v. Edwards, 437 F.3d 1145, 1149–50 (11th Cir. 2006); Parker, 365 F.3d at 1272; Whitaker v. Power Brake Supply, Inc. (In re Olympia Holding Corp.), 188 B.R. 287, 295 (M.D. Fla. 1994), aff'd, 68 F.3d 1304 (11th Cir. 1995).  Thus, upon the filing of the petition, the trustee became the "you" in the insurance contract whose recovery triggers the right of reimbursement for BCBS and any arguments to the contrary would defeat the purpose of the bankruptcy system which permits the trustee to collect, marshal, and distribute the debtor's assets and liabilities.  BCBS, therefore, is a creditor with a cognizable claim.

## II.     Judicial Estoppel

Jackson Hospital next argues that BCBS is barred from recovering based on judicial estoppel.  Appellant's Br. at 16–20.  BCBS responds that this question has already been decided by the Alabama Supreme Court and is not properly before the court.  Appellee's Br. at 16–17.  As to whether the trustee on behalf of BCBS and other creditors may proceed under state law, the issue is not properly before the court; the Alabama Supreme Court has already decided the issue.  Furthermore, to the extent the issue of the bankruptcy court's role in authorizing the trustee to proceed is implicated by the appeal before the court, Eleventh Circuit precedent indicates that judicial estoppel of the nature involved here would not bar the trustee from recovering.